Date signed February 23, 2009



PAUL MANNES
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| In Re: | Case No. 08-18263PM |
|---|---|
| Gregory B. Frank, | Chapter 13 |
| Debtor. | |

## MEMORANDUM OF DECISION

This case came before the court on February 17, 2009, on several matters. The Debtor's Chapter 13 Plan ("the Plan") filed on August 5, 2008, proposes to pay a total of $121,860.00 over 60 months. The Plan is underfunded in that the sums to be paid to holders of secured claims and priority claims aggregate $117,873.59, which added to the Chapter 13 Trustee's commission, exceeds the amount paid into the Plan. Were the Plan to be confirmed, nothing would be paid on the unsecured general claim of the Internal Revenue Service nor would anything be paid to the holders of two otherwise non-dischargeable claims – Educational Credit Management Corp., the holder of a student loan claim in the sum of $14,928.38, Imperial Valet Services, Inc. ("Imperial"), the holder of a $65,250.00 claim plus interest. Imperial's claim is non-dischargeable by virtue of a consent judgment entered on March 11, 2008, in an action filed pursuant to 11 U.S. C. § 523(c) Adversary Proceeding No. 08-0086. The Debtor acknowledged through counsel at the hearing that this debt, as well as all other existing claims against him, were not dischargeable by virtue of 11 U.S.C. § 1328(f)(1) that provides that the court shall not grant a discharge upon consummation of a Chapter 13 plan if the debtor had received a discharge under Chapter 7 in a case filed within the 4-year period prior to the order for relief.

Notwithstanding the absence of the discharge, by filing this bankruptcy case under Chapter 13, the Debtor obtained a continuation of the automatic stay that bars the continuation of a garnishment by Imperial, foreclosure by Litton Loan Servicing,

LP and repossession of his automobile by Toyota Motor Services Corporation. In addition, the Debtor made a mockery of the judgment that he entered into by consent with Imperial. A judgment had been entered against him by the Circuit Court for Montgomery County, Maryland, that included compensatory damages of $235,568.68, punitive damages of $150,000.00 and attorney's fees of $15,609.00. As a result of the agreement reached in settlement of the adversary proceeding, it was reduced to $50,000.00 plus attorney's fees of $15,000.00 to be paid out at a monthly amount of $500.00 to $1,000.00 per month. It appears that the Debtor stopped making payments under this judgment at about the same time that the judgment was entered.

After the entry of an order granting the mortgage holder relief from the automatic stay on May 8, 2007, in the Debtor's prior bankruptcy case under Chapter 7, the mortgage holder was barred from going further with foreclosure by the filing of a bankruptcy case under Chapter 13 by the co-debtor of the loan, Debtor's spouse, Aimee M. Frank, Case No. 07-16764. Following the filing of a motion for relief from the automatic stay in that case, the mortgage holder and the Debtor's spouse entered into an agreement for the cure of post-filing arrearages of $32,326.60 and entered into a consent order for the curing of the arrearages entered on December 19, 2007. Following the filing of an affidavit of default of her performance under the consent order, the mortgage holder issued a notice of intent to commence foreclosure that was followed by the Debtor's spouse's motion to dismiss the Chapter 13 case.

In support of their motions to dismiss this case for failure to propose a plan in good faith, both Imperial and the Chapter 13 Trustee demonstrated that the Debtor had a lifestyle that was inconsistent with honest and unfortunate debtors seeking a good-faith rehabilitation of their financial condition. *See Marrama v. Citizens Bank of Mass.*, 549 U.S. 365 (2007). The Debtor and his spouse availed themselves of an expensive gym membership, frequent eating out, travel, shopping at a gourmet food market and generally excessive spending. In addition, the Debtor handled his financial services through a wholly-owned business known as Ryjac Services, Inc. What was particularly distressing about the business records was that the Debtor constantly made large cash withdrawals, and his explanations for the need for dealing in cash were thoroughly unconvincing.

The Debtor's explanation for his financial woes are ascribed to his involvement in the campaign waged by then-Senator Hillary Clinton for the Democratic nomination. The Debtor's finances appear to be in the same condition as the Senator's campaign. In any event, the Debtor appears to have gotten his financial affairs in order as evidenced by the fact that neither the mortgagee nor the car lender has filed motions for relief from the automatic stay, unlike the prior case filed by him and the case filed by his spouse. Rather than dismiss the case at this time, the court will deny

confirmation with leave to amend.  The Debtor is advised that any amended plan must result in a substantial payment to holders of unsecured claims.  This undoubtedly will result in some modification in the Debtor's high-living lifestyle.  Failing such a modification, the court's presently held serious concerns about the Debtor's good-faith would be nourished resulting in dismissal.  Debtor is advised that this ruling may be understood only that the court will not dismiss this case at this stage of the proceedings.  The "jury" is still out as to the question as to whether or not this case was filed and is being prosecuted in good faith.  The resolution of that issue is dependent upon the Debtor's efforts in presenting and funding a meaningful Plan.

cc:   Gregory B. Frank
      11137 Cedarwood Drive
      North Bethesda, MD 20852

      Jonathan P. Morgan
      Morgan Rose, LLC
      414 Hungerford Drive
      Suite 252
      Rockville, MD 20850

      Trustee
      Nancy L Spencer Grigsby
      4201 Mitchellville Rd. Ste 401
      Bowie, MD 20716

      Litton Loan Servicing, LP
      P.O. Box 829009
      Dallas, TX 75382-9009

      Imperial Valet Services, Inc.
      David G. Winer, Esq.
      6701 Democracy Blvd.
      Ste 203
      Bethesda, MD 20817

End of Memorandum